UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JOSEPH PRATA,

        Plaintiff,

- against -

CVS PHARMACY,

        Defendant.
----------------------------------------------------------x

Docket No.: '10 CIV 09368

ECF CASE

JUDGE SEIBEL

**COMPLAINT**

**PLAINTIFF DEMANDS
A JURY TRIAL**

    Plaintiff, JOSEPH PRATA, by his attorneys, GOODSTEIN & ASSOCIATES, complaining of the Defendant, alleges as follows:

    1.    This is an action for injunctive relief and compensatory damages on behalf of plaintiff. This suit is authorized pursuant to Title VII of the Civil Rights Act of 1964 (42 USC §2000e *et. seq.*). Jurisdiction of this Court is invoked pursuant to 42 USC §2000e-5(f). Jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 USC §2000e *et. seq.* providing for injunctive and other relief against sexual discrimination in employment.

### PARTIES

    2.    Plaintiff, JOSEPH PRATA, (hereinafter "PRATA") is a male who resides in the County of the Westchester in the State of New York. Plaintiff has filed a charge with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. (A copy of the charge is annexed as Exhibit "1" and a copy of the Notice of the Right to Sue is annexed as Exhibit "2.")

3. This action has been brought within 90 days of receipt of the Notice of Right to Sue regarding the complaint.

4. Defendant CVS PHARMACY (hereinafter "CVS"), is an employer doing business in the State of New York. Defendant is an employer as defined by Title VII of the Civil Rights Act of 1964. On information and belief, defendant has employed more than 1000 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

## FACTS

5. Plaintiff was employed as a Staff Pharmacist full-time, forty (40) hours per week since November 8, 1993. Plaintiff was terminated on February 22, 2010. During Plaintiff's employment, Plaintiff was always a satisfactory employee.

6. While working at CVS, Plaintiff had a consensual, voluntary, personal romantic relationship with another employee, Kim Calderone.

7. At work, in the back of the store, in a non-public area, Plaintiff touched Ms. Calderone in a sexual manner for a few seconds. Ms. Calderone was consensual participant in this activity and Ms. Calderone never complained about it. Previously, Ms. Calderone had touched Plaintiff in a sexual manner in the backroom.

8. Unfortunately, to prevent property theft the employer had installed a hidden camera in the back of the store. This camera photographed Plaintiff's contact with Ms. Calderone and the employer investigated this situation.

9. Although Plaintiff and Ms. Calderone stated that the physical contact was completely consensual and not unwanted. Plaintiff was informed that he had engaged in a "gross violation of company policy" and Plaintiff was then terminated.

10. However, Ms. Calderone was not terminated. The sole difference in thier activity is that Plaintiff is a male and Ms. Calderone is female. Thus, the employer has engaged in discrimination predicated upon gender.

11. The employer could have fired both Plaintiff and Ms. Calderone or could have retained both Plaintiff and Ms. Calderone, but could not fire one for the same activity without terminating the other. See *McDonald v. Santa Fe Trail Transp Co.*, 427 U.S. 273 (1976).

## AS AND FOR A FIRST CAUSE OF ACTION

12. Plaintiff was subjected to sexual discrimination because of her pregnancy in violation of Title VII of the Civil Rights Act of 1964 (42 USC §2000e *et. seq.*).

## PENDENT STATE CLAIM

13. Plaintiff demands a jury trial on her Title VII cause of action and on her pendent state claims.

**WHEREFORE**, plaintiff demands judgment against the defendant as follows:

**On the First Cause of Action**

    (a) An award of back pay and all fringe benefits from February 22, 2010;

    (b) Re-employment by defendant;

    (c) An award of compensatory/punitive damages pursuant to Title VII of the Civil Rights Act of 1964 in an amount not to exceed Three Hundred thousand Dollars ($300,000); and

    (d) An award of reasonable attorney's fees pursuant to Title VII of the Civil Rights Act of 1964.

Together with such other and further relief as to the Court deems just and proper.

Dated: New Rochelle, New York
       December 13, 2010

                        Yours, etc.,

                        **GOODSTEIN & ASSOCIATES**

                        By: _____
                        **ROBERT DAVID GOODSTEIN (RDG 5443)**
                        *Attorneys for Plaintiff*
                        270 North Avenue, Suite 410
                        New Rochelle, New York 10801
                        (914) 632-8382

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | 520-2010-02038 |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. JOSEPH PRATA | (914) 224-6890 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 175 Stone Avenue | Yonkers, NY 10701 | 8/5/1971 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| CVS Pharmacy | over 1,000 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1 CVS Drive | Woonsocket, Rhode Island 02895 | |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ AGE
☐ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)
February 2010

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**RECEIVED APR 14 2010 EEOC-NYDO-CRTIU**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 4/8/10   Charging Party (Signature)

NOTARY – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

ROBERT DAVID GOODSTEIN
Notary Public, State of New York
No. 4753034
Qualified in Westchester County
Term Expires Jan. 31, 1992014

## JOSEPH PRATA
## EEOC CHARGE OF DISCRIMINATION - PARTICULARS

1. I was employed as a Staff Pharmacist full-time, forty (40) hours per week since November 8, 1993. I was terminated on February 22, 2010. During my employment, I was always a satisfactory employee.
2. While working at CVS, I had a consensual, voluntary, personal romantic relationship with another employee, Kim Calderone.
3. At work, in the back of the store, in a non-public area, I touched Ms. Calderone in a sexual manner for a few seconds. Ms. Calderone was consensual participant in this activity. She never complained about it.
4. Unfortunately, to prevent property theft the employer had installed a hidden camera in the back of the store. This camera photographed my contact Ms. Calderone and the employer investigated this situation.
5. Although both I and Ms. Calderone stated that the physical contact was completely consensual and not unwanted. I was informed that I had engaged in a "gross violation of company policy" and was terminated.
6. However, Ms. Calderone was not terminated. The sole difference in our activity is that I am a male and she is a female. Thus, the employer has engaged in discrimination predicated upon gender.
7. The employer could have fired both of us, could have retained both of us, but could not fire one for the same activity without terminating the other. See _McDonald v. Santa Fe Trail Transp Co._, 427 U.S. 273 (1976).

EEOC Form 151-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Joseph Prata
175 Stone Avenue
Yonkers, NY 10701

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2010-02038 | Feng K. An, Supervisory Investigator | (617) 565-3192 |

NOTICE TO THE PERSON AGGRIEVED: (See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

OCT 2 6 2010
(Date Mailed)

Enclosures(s)

cc: CVS Pharmacy c/o
Sarah Mullin
Morgan Brown & Joy
200 State St.
Boston, MA 02109

Robert D. Goodstein
56 Harrison Street
Suite 401
New Rochelle, NY 10801